# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 30, 1897.

JESSUP & MOORE PAPER CO., ET AL.,

VS.

GUNPOWDER PAPER CO. OF BALTIMORE CITY, ET AL.

*Charles E. Hill* and *Joseph C. France* for plaintiffs.

*Barton & Wilmer* and *Isidor Rayner* for defendants.

**STOCKBRIDGE, J.—**

This case now comes before the Court upon the petition of the plaintiff, praying the passage of an "order adjudging said (defendant) corporation to be insolvent, and that it be dissolved."

The original bill, filed on the 6th of July, 1896, contained no specific prayer either to have the defendant corporation declared insolvent, or to have it dissolved, nor did the bill in terms allege the insolvency of the corporation. In fact, so far as any inference was reasonably deducible from the bill, the corporation was entirely solvent; but certain of its officers were supposed to be making away with, or concealing its assets beyond the reach of the plaintiff, which was a judgment creditor for a small amount, and, therefore, the appointment of receivers was asked, and granted by the Court.

Then, after the lapse of a little over five months the present petition is filed, alleging that no assets have come into the hands of the receivers, and, therefore, asking that the corporation be adjudged insolvent, and that it may be declared to be dissolved.

To this petition an answer has been filed upon the part of the Gunpowder Paper Company, and the other defendants denying the insolvency of the Gunpowder Paper Company, and also the jurisdiction of the Court to hear and determine the issue sought to be raised in the case. At the hearing a number of grounds were set up why the relief prayed in the petition could not be granted, most of which can be very briefly disposed of. Thus the fact that no replication had ever been filed to either the answer to the original bill or petition, and the fact that the cause came on to be heard on petition and answer, the answer denying material averments in the petition were sought to be relied upon. It is true that the forms of pleading have not been strictly followed upon either side, no replication was filed, but the answer was manifestly defective for the purpose for which it was sought to be availed of being without affidavit. The cause is therefore nearly in the position in which it would have been had there been a demurrer filed to the petition, and it will be so treated. While not set out in the bill or petition, this present form of the action was undoubtedly intended to have been taken under the provisions of Chapter 263 of the Acts of 1894, which provides that "whenever any corporation in this State *shall have been determined by legal proceedings* to be insolvent, or shall be proven to be insolvent *by proof offered* under any bill filed under the provisions of this section, it shall be deemed to have surrendered its corporate rights, privileges and franchises, and may be adjudged to be dissolved after the hearing, according to the practice of Courts of Equity in this State, upon a bill filed for that purpose," &c.

The bill in this case does not set out either that the Gunpowder Paper Company has "been determined by legal proceedings to be insolvent," nor that any proceedings have been taken looking to that result, nor does there appear from any of the subsequent proceedings in this cause to have been any such determination by legal proceedings, the decree appointing the receivers being entirely silent as to the solvency or insolvency of the Gunpowder Paper Company.

The allegation of insolvency appears for the first time in the petition filed herein and now under consideration and even that allegation is unsupported by affidavit. No Court would be justified in declaring a corporation insolvent under such conditions, unless the allegation of insolvency was fully supported by proof.

The provision of the Act quoted apparently gives as alternative grounds on which to base an application for relief either the determination by legal proceedings of the insolvency, or the proof of it as a fact in a proceeding taken under Sec. 264 of Art. 23 of the Code, for which Chapter 263 of the Acts of 1894 is a substitute, but in this cause there is no proof whatever.

The decree which appointed the receivers did not declare the corporation to be insolvent; no proceedings are set forth in the papers in the cause in which the insolvency has been determined, and no proof whatever has been presented. In such a condition the Court has no option but to dismiss the petition with costs.